UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AVION LAWSON,

    Plaintiff,

v.                                        Case No.  3:16cv487/RV/CJK

W. CHURCHWELL, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2).  Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as malicious. *See Lawson v. Barber*, Case No. 5:15cv229/MP/EMT (doc. 14) (N.D. Fla. Nov. 23, 2015) (dismissing action without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)); *Lawson v. Marshall*, Case No. 5:15cv199/LC/GRJ (doc. 11) (N.D. Fla. Oct. 30, 2015) (dismissing action without prejudice for abuse of the

*Case No. 3:16cv487/RV/CJK*

judicial process and noting the dismissal operates as a "strike" pursuant to 28 U.S.C. § 1915(g)); *Lawson v. Leavins*, Case No. 5:15cv76/RS/EMT, 2015 WL 2088775 (N.D. Fla. May 5, 2015)) (dismissing case without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)). Plaintiff's status as a three-striker has been recognized by this court. *See Lawson v. Desmond*, No. 3:15cv574/RV/CJK, 2016 WL 1498928 (N.D. Fla. Mar. 11, 2016), *Report and Recommendation adopted*, 2016 WL 1465390 (N.D. Fla. Apr. 14, 2016). The foregoing cases may be positively identified as having been filed by plaintiff because they bear his name and Florida Department of Corrections' inmate number, "W38414."

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's complaint is devoid of any such allegations. Plaintiff alleges that almost two years ago, in January of 2015, while he was confined at Northwest Florida Reception Center, the defendants (officers at NWFRC) used excessive force on him and retaliated against him for filing grievances. (Doc. 1). Allegations of past danger do not invoke § 1915(g)'s imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant

to the imminent danger exception to [§ 1915(g)]".); *see also, e.g., Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (same as to a prisoner who was transferred to a different institution subsequent to the incident giving rise to his complaint (*citing Medberry*)); *O'Connor v. Suwannee Corr. Institution*, — F. App'x —, 2016 WL 2620127 (11th Cir. May 9. 2016) (holding that prisoner's allegation challenging medical care at prior institution and his speculation that new institution was intentionally delaying treatment were insufficient to satisfy imminent danger exception; allegation that prisoner would be transferred back to old institution was also speculative). Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this suit, this case should be dismissed under § 1915(g).

      Accordingly, it is respectfully RECOMMENDED:

      1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 30th day of September, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.